# STATE OF NORTH CAROLINA

Mecklenburg County Clerk of Superior Court

_____Mecklenburg_____ County

File No.
**25CV016080-590** ~~25-CVS~~

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name And Address Of Plaintiff 1 |
|---|
| Demetrics McGill, individually and as Administrator of the Estate of Sanrico McGill |
| c/o Law Offices of James Scott Farrin |
| 555 S. Mangum Street, Suite 800, Durham   NC      27701 |

**GENERAL
CIVIL ACTION COVER SHEET**

☒ INITIAL FILING     ☐ SUBSEQUENT FILING

| Name And Address Of Plaintiff 2 |
|---|
| Cordario McGill |
| c/o Law Offices of James Scott Farrin |
| 555 S. Mangum Street, Suite 800 |
| Durham                                    NC      27701 |

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

## VERSUS

| Name And Address Of Defendant 1 |
|---|
| City of Charlotte |
| c/o Marcus D. Jones - City Manager, City of Charlotte |
| 600 East Fourth Street |
| Charlotte                                 NC      28202 |

Summons Submitted
☒ Yes     ☐ No

Name And Address Of Attorney Or Party, If Not Represented
(complete for initial appearance or change of address)
Nichad D. Davis
Law Offices of James Scott Farrin
555 South Mangum Street, Suite 800
Durham                                      NC      27701

| Telephone No. (919)688-4991 | Cellular Telephone No. |
|---|---|

| NC Attorney Bar No. 56297 | Attorney Email Address ndavis@farrin.com |
|---|---|

| Name And Address Of Defendant 2 |
|---|
| Officer Benjamin DeVries, individually and officially |
| c/o Marcus D. Jones - City Manager, City of Charlotte |
| 600 East Fourth Street |
| Charlotte                                 NC      28202 |

☒ Initial Appearance in Case     ☐ Change of Address

| Name Of Firm Law Offices of James Scott Farrin | Fax No. (919) 688-4468 |
|---|---|

Counsel For
☒ All Plaintiffs     ☐ All Defendants     ☐ Only: (list party(ies) represented)

Summons Submitted
☒ Yes     ☐ No

☒ Jury Demanded In Pleading     ☐ Complex Litigation     ☐ Stipulate to Arbitration

## TYPE OF PLEADING

(check all that apply)

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) (see Note)
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (list on back) (CRSS) Assess Court Costs
☐ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

Electronically Filed Date: 3/26/2025 1:55 PM Mecklenburg County Clerk of Superior Court
AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| CLAIMS FOR RELIEF |
|---|

☐ Administrative Appeal (ADMA)
☐ Appointment Of Receiver (APRC)
☐ Attachment/Garnishment (ATTC)
☐ Claim And Delivery (CLMD)
☐ Collection On Account (ACCT)
☐ Condemnation (CNDM)
☐ Contract (CNTR)
☐ Discovery Scheduling Order (DSCH)
☐ Injunction (INJU)

☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
☐ Medical Malpractice (MDML)
☐ Minor Settlement (MSTL)
☐ Money Owed (MNYO)
☐ Negligence - Motor Vehicle (MVNG)
☒ Negligence - Other (NEGO)
☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN)
☐ Possession Of Personal Property (POPP)

☐ Product Liability (PROD)
☐ Real Property (RLPR)
☐ Specific Performance (SPPR)
☐ Other *(specify and list each separately)*

| *Date* | *Signature Of Attorney/Party* |
|---|---|
| | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

# STATE OF NORTH CAROLINA

_____ Mecklenburg _____ County

File No.
25CV016080-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill | |

*Address*
Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800

| *City, State, Zip* | | |
|---|---|---|
| Durham | NC | 27701 |

**CIVIL SUMMONS**

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

**VERSUS**

G.S. 1A-1, Rules 3 and 4

*Name Of Defendant(s)*
City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | | | *Name And Address Of Defendant 2* | | |
|---|---|---|---|---|---|
| Officer Tymel Carson, in his official capacity<br>c/o Marcus D. Jones - City Manager, City of Charlotte<br>600 East Fourth Street | | | Officer Tymel Carson, in his individual capacity<br>2901 N. Davidson Street, Unit 118 | | |
| Charlotte | NC | 28202 | Charlotte | NC | 28205 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1. Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* 3/26/2025 2:28:44 pm ☐ AM ☐ PM |
|---|---|
| Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham      NC    27701 | *Signature* /s/ Jennifer Garcia |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|
| *Signature* | |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff* | |
| Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill | |
| *Address* | |
| Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800 | |
| *City, State, Zip* | |
| Durham      NC    27701 | |

**CIVIL SUMMONS**

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

| **VERSUS** |
|---|

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| *Name Of Defendant(s)* | *Date Original Summons Issued* |
| City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek,Officer Tymel Carson and Officer James Fisher, in their individual and official capacity | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Officer Tymel Carson, in his individual capacity 2901 N. Davidson Street, #236 Charlotte    NC    28205 | |

⚠️

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1.  Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued*    3/26/2025 2:28:44 pm    ☐ AM ☐ PM |
| Nichad D. Davis Law Offices of the James Scott Farrin 555 South Mangum Street, Suite 800 Durham    NC    27701 | *Signature*    /s/ Jennifer Garcia |
| | ☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court |

| | |
|---|---|
| ☐ ENDORSEMENT (ASSESS FEE) This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement*     *Time*    ☐ AM ☐ PM |
| | *Signature* |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill | |
| *Address*<br>Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800 | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Durham                        NC        27701 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| City of Charlotte<br>c/o Marcus D. Jones - City Manager, City of Charlotte<br>600 East Fourth Street<br>Charlotte                    NC        28202 | |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1. Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham                        NC        27701 | *Date Issued*  3/26/2025 2:28:44 pm   *Time*  ☐ AM ☐ PM |
| | *Signature*  /s/ Jennifer Garcia |
| | ☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court |

| | |
|---|---|
| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement*      *Time*    ☐ AM ☐ PM |
| | *Signature* |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

# STATE OF NORTH CAROLINA

_____ Mecklenburg _____ County

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill |

| Address |
|---|
| Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800 |

| City, State, Zip | | |
|---|---|---|
| Durham | NC | 27701 |

## CIVIL SUMMONS

☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) |
|---|
| City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Officer Benjamin DeVries, in his official capacity<br>c/o Marcus D. Jones - City Manager, City of Charlotte<br>600 East Fourth Street<br>Charlotte                                  NC      28202 | Officer Benjamin DeVries, in his individual capacity<br>2424 Gold Cup Court<br><br>Matthews                                      NC      28105 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1.  Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham                                  NC      27701 | 3/26/2025   2:28:44 pm     ☐ AM  ☐ PM | |
| | Signature<br>/s/ Jennifer Garcia | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

☐ ENDORSEMENT (ASSESS FEE)
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time |
|---|---|
| | ☐ AM  ☐ PM |
| Signature | |
| ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

_____ Mecklenburg _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *Address*<br>Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800 | |
| *City, State, Zip*<br>Durham NC 27701 | G.S. 1A-1, Rules 3 and 4 |

**VERSUS**

| | |
|---|---|
| *Name Of Defendant(s)*<br>City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>Officer Benjamin DeVries, in his individual capacity<br>2607 Kilmarnock Court<br><br>Matthews NC 28105 | *Name And Address Of Defendant 2* |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1. Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham NC 27701 | *Date Issued*<br>3/26/2025 | *Time*<br>2:28:44 pm ☐ AM ☐ PM |
|---|---|---|
| | *Signature*<br>/s/ Jennifer Garcia | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

Case 3:25-cv-00279   Document 1-1   Filed 04/25/25   Page 12 of 96

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

File No.
25CV016080-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill<br><br>*Address*<br>Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800<br><br>*City, State, Zip*<br>Durham　　　　　　　　　　　NC　　27701 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |

| **VERSUS** | |
|---|---|
| | G.S. 1A-1, Rules 3 and 4 |

| | |
|---|---|
| *Name Of Defendant(s)*<br>City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>Officer James Fisher, in his official capacity<br>c/o Marcus D. Jones - City Manager, City of Charlotte<br>600 East Fourth Street<br>Charlotte　　　　　　　NC　　28202 | *Name And Address Of Defendant 2*<br>Officer James Fisher, in his individual capacity<br>148 Rhyne Springs Road<br><br>Mount Holly　　　　　　NC　　28120 |
|---|---|

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1. Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham　　　　　　　　NC　　27701 | *Date Issued*<br>3/26/2025 2:28:44 pm | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature*<br>/s/ Jennifer Garcia | |
| | ☒ Deputy CSC　☐ Assistant CSC　☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC　☐ Assistant CSC　☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

# STATE OF NORTH CAROLINA

_____ Mecklenburg _____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill | |
| *Address*<br>Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800 | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Durham      NC    27701 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| *Name Of Defendant(s)*<br>City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>Officer Sean Werchek, in his official capacity<br>c/o Marcus D. Jones - City Manager, City of Charlotte<br>600 East Fourth Street<br>Charlotte      NC    28202 | *Name And Address Of Defendant 2*<br>Officer Sean Werchek, in his individual capacity<br>147 Lambeth Loop<br><br>Mooresville      NC    28115 |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1.  Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham      NC    27701 | *Date Issued* 3/26/2025 2:28:44 pm    ☐ AM ☐ PM |
| | *Signature*    /s/ Jennifer Garcia |
| | ☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court |

| | |
|---|---|
| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement*    *Time*    ☐ AM ☐ PM |
| | *Signature* |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25 CVS**

| | |
|---|---|
| DEMETRICS MCGILL, individually and as Administrator of the Estate of SANRICO MCGILL, CORDARIO MCGILL and DEMONTREZ MOBLEY, individually,<br><div align="right">Plaintiff</div><br>v.<br><br>CITY OF CHARLOTTE, BENJAMIN DEVRIES, SEAN WERCHEK, TYMEL CARSON, and JAMES FISHER, in their individual and official capacity,<br><div align="right">Defendants</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<div align="center">

**COMPLAINT**
**(Jury Trial Demanded)**

</div>

NOW COMES Plaintiffs, by and through counsel, complaining of Defendants, and alleges:

<div align="center">

**I.      PARTIES**

</div>

**1.**      Plaintiff Demetrics McGill is a citizen and resident of Mecklenburg County and the duly appointed Administrator of the Estate of her deceased son, Sanrico McGill, who was shot dead by Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher on December 16, 2023.

**2.**      The decedent (hereinafter "Decedent" or "Sanrico McGill"), was a 34-year-old male and a citizen and resident of Mecklenburg County, North Carolina at the time of the shooting.

**3.**      Plaintiff Cordario McGill is the biological brother and living survivor of Decedent and was present at 1515 Catherine Simmons Avenue at the same time and place of

<div align="center">1</div>

Decedent's fatal shooting and is a citizen and resident of Mecklenburg County, North Carolina.

4.     Plaintiff Demontrez Mobley is the biological brother and living survivor of Decedent and was present at 1515 Catherine Simmons Avenue at the same time and place of Decedent's fatal shooting and is a citizen and resident of Mecklenburg County, North Carolina.

5.     Defendant City of Charlotte is a municipal corporation organized by charter under Chapter 160A of the North Carolina General Statutes. It maintains and operates pursuant to its charter a unified city-county police force called the Charlotte-Mecklenburg Police Department ("CMPD"). The City of Charlotte bears legal responsibility under state law for acts and omissions CMPD police officers in the course of their employment. Further, the City has expressly ratified the conduct of Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher in this case. All officers named in this Complaint are collectively referred to as "CMPD Officer Defendants" and are sued in their individual and official capacity.

## Waiver of Sovereign and/or Governmental Immunity

6.     By ordinance adopted by its elected Council pursuant to N.C.G.S. § 160A-485.5, the City has waived its governmental immunity from the negligence of CMPD police officers pursuant to the State Tort Claims Act. That waiver applies to the wrongful death claim and other claims set forth below.

7.     Defendant City is also sued under 42 U.S.C. § 1983 for the violation of Sanrico McGill's Fourth Amendment rights. The Officer Defendants are "persons" acting under "color of law" for purposes of Section 1983 and Defendant City a corporate entity organized under state law. Defendant's City-Manager and Police Chief have expressly ratified the shooting of Decedent by Sanrico McGill, subjecting the City to liability under § 1983. That ratification was made under

2

color of state law.

8.      Upon information and belief, and at all relevant times to this action, Defendant Officer Benjamin DeVries was an adult citizen and resident of Mecklenburg County and was employed as a law enforcement officer with the CMPD. He is sued in his official capacity under state law for negligence in the wrongful death of Decedent and the City has waived governmental immunity as to that claim.

9.      Alternatively, Officer Benjamin DeVries is sued in his individual capacity law for assault and battery for shooting and killing Sanrico McGill. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Sanrico McGill's rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against federal and state law claims.

10.     Upon information and belief, and at all relevant times to this action, the Defendant Officer Sean Werchek was an adult citizen and resident of Mecklenburg County and was employed as a law enforcement officer with the CMPD. He is sued in his official capacity under state law for negligence in the wrongful death of Decedent and the City has waived governmental immunity as to that claim.

11.     Alternatively, Officer Sean Werchek is sued in his individual capacity under state law for assault and battery for shooting and killing Sanrico McGill. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Sanrico McGill's rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against federal and state law claims.

12.     Upon information and belief, and at all relevant times to this action, Defendant Officer Tymel Carson was an adult citizen and resident of Mecklenburg County and was

3

employed as a law enforcement officer with the CMPD. He is sued in his official capacity under state law for negligence in the wrongful death of Decedent and the City has waived governmental immunity as to that claim.

13.     Alternatively, Officer Tymel Carson is sued in his individual capacity under state law for assault and battery for shooting and killing Sanrico McGill. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Sanrico McGill's rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against federal and state law claims.

14.     Upon information and belief, and at all relevant times to this action, Defendant Officer James Fisher was an adult citizen and resident of Mecklenburg County and was employed as a law enforcement officer with the CMPD. He is sued in his official capacity under state law for negligence in the wrongful death of Decedent and the City has waived governmental immunity as to that claim.

15.     Alternatively, Officer James Fisher is sued in his individual capacity under state law for assault and battery for shooting and killing Sanrico McGill. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Sanrico McGill's rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against federal and state law claims.

16.     Upon information and belief, Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher and Defendant City of Charlotte are insured by one or more policies of liability insurance and/or indemnification agreements under North Carolina law, including N.C. Gen. Stat. § 160A-485 with respect to the acts and omissions complained of herein, and to such extent Defendants Officer Benjamin DeVries,

4

Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher and Defendant City of Charlotte, have waived any official, sovereign, or governmental immunity to which Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher and Defendant City of Charlotte, might otherwise be entitled.

17.    Defendants have waived any official, sovereign, or governmental immunity to which Defendants might otherwise have been entitled.

18.    Defendant, City of Charlotte, is and at all pertinent times has been a city, as defined by N.C. Gen. Stat. § 160A-1(2), chartered by the State of North Carolina. The City of Charlotte operates and maintains a law enforcement agency known as the City of Charlotte-Mecklenburg Police Department.

19.    Additionally, Defendant City of Charlotte is a municipal corporation located within Mecklenburg County, North Carolina and organized and existing under the laws of the State of North Carolina.

20.    Upon information and belief, through its governing body -- the Charlotte City Council -- Defendant City of Charlotte has appropriated funds and establishes the budget for the Charlotte-Mecklenburg Police Department and is responsible for the policies and practices established and carried out by the Charlotte-Mecklenburg Police Department and Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher. The City of Charlotte has waived any applicable immunity defenses in tort by the purchase of general liability insurance. At all times relevant to this action, Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher were employees of the City of Charlotte as law enforcement officers and acting as agents of the City of Charlotte in their official capacity as Charlotte-Mecklenburg police officers.

5

## II.    <u>JURISDICTION AND VENUE</u>

21.    This Court has subject-matter and personal jurisdiction pursuant to N.C.G.S. § 160-A-485.5(b)(1) as Defendant City of Charlotte has waived sovereign immunity by statute and such a waiver grants "jurisdiction for tort claims against the city shall be vested in the Superior Court Division of the General Court of Justice of the county where the city is principally located." Therefore, the City of Charlotte, is subject to jurisdiction in Mecklenburg County Superior Court for tort claims against the City and individual officers of the City, as alleged below.

22.    This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) and 42 U.S.C. § 1988 because the claims asserted by Plaintiffs arise under the laws of the United States and seek redress for rights guaranteed by the North Carolina Constitution, United States Constitution, and of North Carolina state law.

23.    This Court personal jurisdiction pursuant to N.C.G.S. § 1-75.4(1) because the claims set forth in this Complaint arises within the state of North Carolina, the claims are asserted against a party who is a natural person domiciled within North Carolina, a municipal corporation in North Carolina (City of Charlotte), individual Plaintiffs are residents or domiciled in North Carolina.

24.    This Court also has personal jurisdiction pursuant to N.C.G.S. § 28A-18-3 as the personal representative of the wrongful death Estate of Sanrico McGill is domiciled in North Carolina.

25.    Venue is proper in Mecklenburg County pursuant to N.C.G.S. § 160-A-485.5(b)(1), as alleged in paragraph 21, and pursuant to N.C.G.S. § 1-82 because the Decedent's Estate is filed in Mecklenburg County, Plaintiffs are residents of Mecklenburg County, and the events that are the subject of the lawsuit occurred in the city of Charlotte, Mecklenburg County,

6

North Carolina.

### III. FACTUAL BACKGROUND

**26.** Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**27.** On or about December 15, 2023, Sanrico McGill's became ill and experienced symptoms due to bipolar schizophrenia and psychosis.

**28.** As a result of Sanrico McGill's illness, Demetrics McGill, called 9-1-1, seeking assistance in what she described as a "mental health crisis" and requested an involuntary commitment of Sanrico McGill, as she had done more than a dozen times prior to this date.

**29.** After her first call to CMPD, Ms. McGill was informed by 9-1-1 dispatch operators that the involuntary commitment would take 24 hours before law enforcement could arrive at her home and serve the involuntary commitment order.

**30.** At approximately 6:00 a.m. on December 16, 2023, Sanrico McGill heard two or three gunshots which seemed to be coming from the park area near his residence located at 1515 Catherine Simmons Avenue, Apartment #2, Charlotte, NC.

**31.** At this same time, Demetrics McGill also heard the gunshots and called 9-1-1 to report her son, Sanrico McGill was still outside. She was afraid that the shots were too close to Sanrico's portion of the residence and informed the 9-1-1 dispatcher that she had recently completed an involuntary commitment paperwork on her son, Sanrico McGill, and was waiting for Charlotte-Mecklenburg Police Department to serve him with the paperwork and take him for treatment.

**32.** On or about December 16, 2023, at or around 6:18 a.m., Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher

7

responded to the residence located at 1515 Catherine Simmons Avenue, Apartment #2, Charlotte, NC.

33.     Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher were familiar with Demetrics McGill from a previous interaction involving her as the complainant on an Involuntary Commitment Order for Sanrico McGill in the summer of 2023.

34.     Upon arrival at 1515 Catherine Simmons Avenue, Officers Carson and other CMPD officers entered the front lawn of the residence with guns drawn. After a few seconds of being on the front lawn of the residence, Officer Carson and other officers heard loud music coming from the right portion of the residence. The door was open, windows were up, and a person was walking around with no weapon in his hand at this time. This person was identified as Sanrico McGill.

35.     In the seconds immediately after Officer Carson and other CMPD officers recognizing the identity of Sanrico McGill, the officers ran approximately 25-30 feet across the street, sought cover behind CMPD squad cars, and began to shout commands for "all occupants of 1515 Catherine Simmons" to "exit the residence with your hands up."

36.     Within seconds, Plaintiffs Demetrics McGill and Demontrez Mobley exited the home with their hands up. Both began yelling back to CMPD officers "what are you doing?" and "this is mental health."

37.     Plaintiffs Demetrics McGill and Demontrez Mobley complied with CMPD officers' commands but began pleading that this was "unnecessary" and were in apparent confusion as to why there were now several officers with guns pointed at their residence for a service call for "mental health." In a span of nearly two-minutes, both Plaintiffs begged officers

8

to lower their guns, respond to this mental health crisis, and to go get their "supervisors" since this was not the protocol that either were familiar with in previous service calls for a mental health crisis.

38.    Defendant Officers continued to escalate this mental health crisis, yelled for more occupants to come out, and ignored the cries for help.

39.    At the same time and place, Plaintiff Cordario McGill exited the residence, hands up, with no apparent threat to himself, officers, or other occupants of the home. He then walked to the right side of the residence to get his brother Sanrico McGill, as he was in apparent shock and confusion as to why CMPD Officers were treating this mental health call for service with guns drawn, escalating this crisis into a more dangerous situation for all persons who exited the residence.

40.    In the moments immediately after Plaintiff Cordario McGill exited the residence, Sanrico McGill also came outside of the residence. He stood on the right-side of the residence on the porch, shouting back at nearly a dozen CMPD officers who appeared to have their guns drawn and pointed in his direction, flashing lights in his direction, yelling a series of commands over one another. It was clear that Sanrico McGill was experiencing delirium and a manic episode, but he posed no threat to himself, other family members, and no CMPD Officers.

41.    After exiting the residence, Sanrico McGill stood on the right-sided porch of the residence, anxious to walk out into the lawn into what appeared to welcome him with demise, as he was in the line of fire of several CMPD Officers, armed with rifles and handguns pointed in his direction.

42.    Neighbors came outside yelling for CMPD Officers to lower their weapons and joined the cries for help as Sanrico's family members continued to plead that this was "mental

9

health" and begging CMPD Officers to "help him" as they all witnessed CMPD Officers escalate this call for service into a dangerous standoff, shouting at Sanrico McGill as he stood on the porch experiencing a mental health breakdown.

43.     On or about December 16, 2023, at or around 6:22 a.m., Officer Benjamin DeVries, Officer, Sean Werchek, Officer Tymel Carson and Officer James Fisher observed Sanrico McGill exit the residence located at 1515 Catherine Simmons Avenue, Apartment #2, Charlotte, NC.

44.     At the same and place, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher then observed Sanrico McGill return inside the residence for approximately 10 to 20 seconds.

45.     Plaintiff DeMontrez Mobley continued to plead with CMPD Officers to drop their weapons, and to handle this situation as "mental health." As he done more than ten times in the preceding minutes, Mr. Mobley shouted for CMPD Officers to lower their firearms, assuring CMPD Officers that his brother was "not going to hurt anyone" during this apparent mental health episode – which had suddenly unfolded before neighbors and family members.

46.     As Sanrico McGill stood on the porch, he began yelling into the air, it was clear that he needed help. In this moment, it became readily apparent that no one reasonably believed that Sanrico was an imminent threat to his own safety, the safety of neighbors, his family members, or CMPD Officers who were shouting conflicting commands in his direction from 30-40 feet away.

47.     Simultaneously, while multiple CMPD Officers were pointing their firearms in the direction of Decedent's residence, Officer Werchek exclaims that "we know" and "it's mental health, we have dealt with him a couple of times before."

10

**48.** At this juncture, CMPD Officers acknowledge that this was a "mental health" call for service, acknowledged that no one was in imminent danger, and that they had been to this residence before. However, several officers are also shouting commands over one another and escalating the delirium and manic episode that Sanrico McGill is clearly experiencing.

**49.** At approximately 6:24 a.m., Sanrico McGill exited the front door of the right-side porch of the residence and attempted to raise an object that appeared to be a firearm. Before he could lift his arms about his waist, CMPD Officers shot more than thirty shots in the direction of 1515 Catherine Simmons Avenue.

**50.** In a matter of seconds, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher fired their weapons while simultaneously yelling commands to Sanrico McGill to drop the gun and then began firing at Sanrico McGill until he fell to the floor of the porch and crawled back into the residence.

**51.** Several bullets struck Sanrico McGill, as he fell to the floor in the doorway of his residence. Sanrico McGill never moved more than 10-feet from this doorway.

**52.** As a direct and proximate result of Defendants, Sanrico McGill sustained catastrophic injuries and died.

### IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Negligence and Wrongful Death (N.C.G.S. § 28A-18-2)**
**Defendant City and Officers DeVries, Werchek, Carson, and Fisher in their individual and official capacity**

**53.** Plaintiffs hereby repeat, reiterate, re-alleges, and incorporates all prior allegations set forth above with the same force and effect as if fully set forth herein."

**54.** At all times all CMPD Officer Defendants, sued in their respective individual

11

and official capacity, had a duty to act reasonably under the circumstances

55. The actions of Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher (collectively referred to as "Officer Defendants"), also had a duty to prevent unreasonable risk of harm, resulting in serious bodily injury and/or death of others.

56. The actions of Officer Defendants, in shooting and killing Decedent, breached the duty of care owed to Decedent by a reasonable officer(s) in the circumstances and thus were negligent.

57. Officer Defendants acted with malice, when they acted willfully or wantonly in a manner inconsistent with that of a person of reasonable intelligence would know to be contrary to his/their duty and intended to be prejudicial or injurious to another.

58. Collectively, Officer Defendants were malicious in causing the death of Sanrico McGill in that they:

    a. Recklessly, willfully, or wantonly created a dangerous civilian encounter after one or more CMPD Officers acknowledged this was a mental health crisis,

    b. Recklessly, willfully, or wantonly created a dangerous civilian encounter after one or more CMPD Officers acknowledged that he was initially unarmed,

    c. Recklessly, willfully, or wantonly created or escalated a dangerous civilian encounter after CMPD Officers shouted multiple and confusing commands at decedent with their guns drawn, and;

    d. Recklessly, willfully, or wantonly escalated an apparent mental health crisis into a deadly encounter, showing a heedless indifference for the safety and rights of others from the use of deadly force, taking Decedent's life and

12

opportunity to receive a reasonable response to a health condition, as one or more CMPD Officers admit they had done so on previous occasions.

59.     As described above, the actions of Officer Defendants' conduct constiutes "malice" and Officer Defendants may not assert the defense of public official immunity.

60.     At all times, the above-mentioned Officer Defendants were negligent and acted maliciously in the following ways:

   a.  Failed to respond to and de-escalate a mental health crisis and call for service,

   b.  Failed to properly respond to a "mental health" cry for help by Decedent's mother and brothers with Officer Defendants, despite acknowledging that certain CMPD Officers knew that this was a mental health crisis and had "been here before."

   c.  Failed to provide adequate care to a person experiencing a mental health crisis and who was not a threat to himself or other occupants of the residence,

   d.  Created a hostile situation and escalated the events into a dangerous civil standoff by drawing weapons and standing fully exposed to an unarmed person and escalating a situation that was de-escalated by family members;

   e.  Failed to communicate effectively with Sanrico McGill escalating their aggression, giving multiple conflicting commands, and failed to acknowledge that Sanrico McGill was attempting to adhere to law enforcement commands;

   f.  Failed to issue clear commands in accordance with Basic Law Enforcement Training ("BLET") Standards and failed to carry-out a policy for safely assisting a person in a mental health crisis;

   g.  Used unreasonable and unjustified deadly force used to detain a person that

13

was allegedly suspected of being armed with a firearm or to secure the alleged weapon;

**h.** Failed to de-escalate the situation when Sanrico McGill made himself available to CMPD Officers, including Officer Defendants by displaying his hands and an unarmed person that was not a threat to himself, other occupants of the home, or to Officer Defendants;

**i.** Unreasonably implored deadly or lethal force, including shooting and killing Sanrico McGill *because* he followed errant commands during an apparent mental health crisis and was met with hostility and fear for his own safety by several officers pointing their firearms in his direction.

61.     The conduct of Officer Defendants was a proximate cause of Decedent's injuries and eventual wrongful death.

62.     To the extent Defendant City asserts the affirmative defense of contributory negligence, the Decedent, Sanrico McGill, was clearly in a position of peril from which he could not escape when shot by Officer Defendants during this mental health crisis. Officer Defendants had the last clear chance to avoid Decedent's death.

63.     Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, seeks and is entitled to recover all damages for wrongful death allowed by N.C.G.S. § 28A-18-2(b), including punitive damages for willful and wanton conduct of Officer Defendants under N.C.G.S. § 28A-18-2-(b)(5).

64.     Officer Defendants are sued in their individual and official capacities on this negligence claim for wrongful death. Officer Defendants, Benjamin DeVries, Sean Werchek, Tymel Carson and James Fisher, were at all times relevant in this action, acting as agent(s) for

14

the City of Charlotte, which is liable for their official conduct under the doctrine of respondeat superior.

65.     Defendant City of Charlotte, pursuant to N.C.G.S. § 160A-485.5, has adopted an ordinance waiving its governmental immunity from claims of negligence by its employees to the same extent that sovereign immunity is waived under the State Tort Claims Act for claims of negligence against state employees. If Officer Defendants were state employees, their negligence would be actionable under the State Tort Claims Act. Thus, Officer Defendants' negligence is actionable here. The waiver is limited to $1 million in damages.

66.     Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, seeks and is entitled to recover all damages for wrongful death allowed by N.C.G.S. § 28A-18-2(b), including punitive damages for willful and wanton conduct of Officer Defendants under N.C.G.S. § 28A-18-2(b)(5). That provision applies to municipalities.

67.     Plaintiffs also seek the recoverable costs of this action.

### SECOND CLAIM FOR RELIEF

*Negligence Per Se* **and Gross Negligence: Officer Defendants Carson, DeVries, Werchek, and Fisher in their individual and official capacity**

68.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

69.     N.C. Gen.Stat. § 15A–401(d)(2) delineates the circumstances under which an officer's use of deadly force is justified.

70.     Pursuant to N.C. Gen.Stat. § 15A–401(d)(2), "A law-enforcement officer is justified in using deadly physical force upon another person ... only when it is or appears to be reasonably necessary thereby ... [t]o defend himself or a third person from what he reasonably

15

believes to be the use or imminent use of deadly physical force[.] ... Nothing in this subdivision constitutes justification for willful, malicious or criminally negligent conduct by any person which injures or endangers any person or property, nor shall it be construed to excuse or justify the use of unreasonable or excessive force."

71.     As set forth in the paragraphs 52-67 above, Officer Defendants were malicious and negligent in that they (1) owed a duty to Plaintiffs to act reasonably and not to use unjustified deadly force; (2) breached that duty by their malicious, reckless, and otherwise negligent failures to act reasonably in preventing deadly injury to Sanrico McGill; (3) this breach was a proximate cause in the serious bodily injuries and death of Sanrico McGill; and the Decedent suffered significant, life-threatening injuries, resulting in his death.

72.     Officer Defendants also had a duty under N.C.G.S. § 15A-401(d)(2), and the aforementioned actions breached this duty.

73.     Sanrico McGill, the decedent, was a person designed to be protected under N.C.G.S. § 15A-401(d)(2) from such malicious, reckless, and unjustified use of deadly force and suffered injuries or harm that the statute was designed to protect persons in Sanrico McGill's position from suffering.

74.     Officer Defendants are subject to liability for the malicious, reckless, or otherwise heedless indifference to the safety and rights of others by using unjustified deadly force, which is negligence per se.

75.     Officer Defendants' conduct was a direct and proximate cause of Decedents fatal injuries and death. As a direct and proximate result of these personal injuries, Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, is entitled to recover from the Defendants, jointly and severally, compensatory damages exceeding Twenty-Five Thousand Dollars

16

($25,000.00).

76.     Additionally, Officer Defendants "malice" constitutes conduct giving rise to gross negligence and/or amounting to conduct where Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, may recover punitive damages under N.C. Gen. Stat. §§ 1D-5, 15.

77.     Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, seeks and is entitled to recover all damages for wrongful death allowed by N.C.G.S. § 28A-18-2(b), including punitive damages for willful and wanton conduct of Officer Defendants under N.C.G.S. § 28A-18-2(b)(5). That provision applies to municipalities.

### THIRD CLAIM FOR RELIEF

#### Negligent Infliction of Emotional Distress

78.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

79.     This claim is brought by Plaintiffs DeMontrez Mobley, Cordario McGill, and Demetrics McGill, individually, against Defendant Officers, who are sued under this claim in their individual and official capacity, and Defendant City.

80.     In committing the acts alleged in the previous paragraphs, Officer Defendants, was/were employees or agents of the City of Charlotte, acting within the scope of his employment of Charlotte-Mecklenburg Police Department ("CMPD").

81.     The negligence of Officer Defendants, as set alleged and re-alleged above, is also negligence of Defendant City, through respondeat superior or vicarious liability, as each individually named Officer Defendant – Carson, DeVries, Werchek, and Fisher – carried out such actions within the course and scope of employment with the City, ratified by the City, and/or expressly authorized by the City.

17

**82.** The City of Charlotte, upon information and belief, has waived immunity for this claim on behalf of the City and its officers acting in their official capacities.

**83.** Therefore, the City is liable as principal for the torts committed by its agents in the course and scope of their employment under the doctrine of respondeat superior.

**84.** The City, through its officers, had the following duties:

    **a.** to ensure that citizens were not wrongfully seized and/or subjected to serious bodily injury or death by unjustified deadly force;

    **b.** ensure that proper de-escalation measures were in place during a mental health call for service;

    **c.** to exercise reasonable care when engaging in mental health service calls or investigations; and

    **d.** to use appropriate force and accurate information in reporting a mental health crisis service call.

**85.** The City, through its officers, were negligent and breached duties owed to Plaintiffs in the following respects:

**86.** The officer defendants caused Decedent to suffer serious bodily injury and death as a result of reckless, malicious, and an unjustified use of deadly force.

**87.** Plaintiffs Demetrics McGill, DeMontrez Mobley, and Cordario McGill witnessed the entire horrifying event and was just several feet away from the incident and suffered severe emotional distress as a proximate result of the negligence of the named individual Officer Defendants, which is also imputed to his employer – Defendant City.

**88.** Plaintiffs suffered severe and disabling anxiety, trauma, and have treated with mental health professionals for emotional distress and injuries sustained from what Plaintiffs

18

describes as a horrifying event.

89. The negligence, gross negligence, malicious acts, and unjustifiable use of deadly force in the shooting of Decedent, Sanrico McGill, was such that a reasonable and prudent person could have foreseen would probably produce such severe emotional distress.

90. Office Defendants were aware of Plaintiffs presence during the incident, as CMPD Officers identified family members of Decedent prior to the shooting and spoke with each Plaintiff as an occupant of the residence where the shooting took place.

91. Defendants' negligence was the proximate cause of the individual Plaintiffs' severe emotional distress as they witnessed their family member, slain within feet of their reach, as each person cried for help and "mental health" several times prior to and during the more than thirty (30) gunshots that were fired in the direction of Sanrico McGill. Despite Plaintiffs' cries for help, they could do nothing to stop Defendants' malicious actions.

92. In other respects, Defendants were negligent, to be proved through discovery and at trial.

93. Defendant City of Charlotte, by and through its agents, was negligent and breached each of the duties outlined above, resulting in Decedent, Sanrico McGill being deprived of his right to be free from actions resulting in unjustified deadly force.

94. Defendant City, as the principal for its agents, including Defendant Officers and other similarly situated officers, is responsible under respondeat superior for the injuries caused by the acts and omissions alleged herein.

95. Under the City Charter and ordinances, the City Manager is the final policymaker for assessing the use of deadly force, to the extent he has not delegated such decisions to the Chief of Police. Both the City Manager and Chief of Police fully ratified the actions of Officer

Defendants in the unlawful seizure, and excessive use of deadly force of Decedent and the encounter that led to his brutal demise.

96.     Defendant Officers acted within the course and scope of their employment in the acts and omissions alleged herein.

97.     As a direct and proximate result of the negligence of the City, through its officers, caused the Decedent to suffer serious bodily injury and death as a result of reckless, malicious, and an unjustified use of deadly force.

## FOURTH CLAIM FOR RELIEF

### Assault and Battery

98.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

99.     In the alternative, the actions and conduct of Officer Defendants resulting in the escalation and deadly shooting of Decedent, in their respective individual and official capacity, constitutes assault and battery under North Carolina law.

100.     Officer Defendants are liable for assault in that each officer, in their respective individual and official capacity:

    a.     Officer Defendants, by an intentional act or display of deadly force and violence threatened the plaintiff with imminent bodily injury.

    b.     It is undisputed that Officer Defendants made a voluntary and volitional act when they: (1) yelled confusing commands in direction of Decedent, (2) raised firearms in the direction of Decedent as a display of imminent bodily harm to his person, (3) threatened Decedent with the use of a deadly weapon if he did not obey confusing and unreasonable demands, (4) discharging a firearm with more than

20

two-dozen shots in the direction of Decedent, fatally striking his body, and (5) unjustifiably used deadly force to seize Decedent during an apparent mental health crisis.

    **c.**    Officer Defendants' intentional act(s) were such that it caused the Decedent to have a reasonable apprehension that harmful and/or offensive contact with his person was imminent. Decedent had reasonable apprehension that harmful or offensive contact would occur following the loud threats by CMPD Officer Defendants, which resulted in Sanrico McGill eventually becoming a victim of needless contact with his person and physical deadly force, resulting in injuries that caused his death.

**101.**    Officer Defendants are liable for battery in that each:

    **a.**    Intentionally caused bodily contact with Decedent, Sanrico McGill.

    **b.**    That such bodily contact actually offended a reasonable sense of personal dignity, and otherwise caused physical pain or injury.

    **c.**    That such contact by Officer Defendants was without Decedent's consent.

**102.**    Officer Defendants [Carson, DeVries, Werchek, and Fisher] are sued in their individual and official capacity on this claim. The unjustified actions displayed willful and wanton disregard of Plaintiff's rights and well-being and exceeded the scope of his lawful authority, thereby piercing any entitlement to public officer immunity.

**103.**    Furthermore, because Officer Defendants committed these malicious actions constituting battery and assault while in the course and scope of their employment and because Defendant City has waived immunity in tort liability by statute, such actions are imputed against

21

Defendant City, thereby piercing any sovereign immunity.

## FOURTH CAUSE OF ACTION

### (Negligent Training, Negligent Supervision, and Negligent Retention against Defendant City of Charlotte)

**104.** Plaintiffs hereby incorporate by reference all prior allegations.

**105.** Defendant City has a duty to maintain the training and readiness of its CMPD officers to reasonably respond to situations like the one in this case.

**106.** The City Manager and Chief have declared that Officer Defendants [Carson, DeVries, Werchek, and Fisher] and other officers should be trained adequately, and to act in conformity with CMPD training, directives, policy, and compliance with State and Federal Law designed to prevent unlawful detentions, searches, seizures, and responses to mental health crisis. The failure to keep Officer Defendants trained in the proper procedures for responding to an incident such as this was manifest in the negligent actions of Defendants Carson, DeVries, Werchek, and Fisher.

**107.** Officer Defendants were negligent in all the ways described in preceding paragraphs and would not have acted in the manner he/they did if properly and regularly trained in the many years since basic training or established BLET training for situations like one that unfolded on December 16, 2023 – resulting in the deadly shooting of Sanrico McGill.

**108.** Defendant City, by and through its' officers, agents, and employees – namely CMPD – cannot escape liability by simply stating that Officer Defendants were or were not in compliance with CMPD Directives (500-003 Response to a Mental Health Crisis) and avoid the consequences of the City's own patent failures for the adequacy of CMPD Officer Defendants' training, continued education, and the City's retention or supervision of Officers who cause death by deadly force of civilians suffering from mental health conditions. All of which are a concurrent

22

proximate cause of Plaintiffs' injuries and damages.

109. This negligent training, retention, and supervision of Officer Defendants proximately caused the injuries and damages sustained by Plaintiffs in this action.

110. The Defendant City, pursuant to N.C.G.S. § 160A-485.5, has adopted an ordinance waiving its governmental immunity from the negligence of its employees to the same extent that sovereign immunity is waived under the State Tort Claims Act as to the negligence of state employees. The negligence of its police department in mantling Officer Defendants' training is actionable here because of that waiver of immunity to the limits of the State Tort Claims Act.

111. Plaintiffs seek and are entitled to recover all damages, compensatory and punitive, for the injuries, damages, and violations suffered as a result of the negligent training, supervision, and retention of Officer Defendants – Tymel Carson, Benjamin DeVries, Sean Werchek, and James Fisher.

## FIFTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

112. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

113. This claim is brought by Plaintiffs Demetrics McGill, DeMontrez Mobley, and Cordario McGill against Officer Defendants [Carson, DeVries, Werchek, and Fisher], who are being sued under this claim in their official capacities.

114. In the alternative, the actions and conduct of Officer Defendants in the intentional deadly shooting of Sanrico McGill in the presence of his mother and brothers, was an outrageous act that resulted in severe and significant emotional distress, constitutes intentional infliction of emotional distress under North Carolina law.

23

115.    As described in the preceding paragraphs, Officer Defendants acted with willful, wanton, and reckless disregard for the safety of others in this incident.

116.    Officer Defendants' intentional and reckless conduct caused severe emotional distress to Plaintiffs Demetrics McGill, DeMontrez Mobley, and Cordario McGill.

117.    Officer Defendants engaged in extreme and outrageous conduct that exceeded all bounds usually tolerated by decent society and resulted in an unlawful seizure and unjustified shooting of Sanrico McGill, while Plaintiffs were horrified as they each stood feet away from the deadly shooting of their beloved family member.

118.    Officer Defendants' conduct in fact caused severe and/or significant emotional distress to Plaintiffs Demetrics McGill, DeMontrez Mobley, and Cordario McGill, including severe or disabling emotional and mental conditions and impairment resulting from the incident of Defendants' negligence.

## SIXTH CLAIM FOR RELIEF

### Indemnification

119.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

120.    This claim is brought by Plaintiffs against CMPD Officer Defendants being sued in his/their individual and official capacity.

121.    Defendant City of Charlotte is permitted by state law and, on information and belief, has elected to pay any final judgment against an employee that results from an act done or omission made in the scope and course of his or her employment with Defendant City.

122.    In committing the acts alleged in this Complaint, the named Officer Defendant(s), was/were at all times an employee of Defendant City and acting within the course

24

and scope of his/their employment.

## VI.     __PRAYER FOR RELIEF__

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and order relief as follows:

    **A.**     Compensatory damages against all Defendants, jointly and severally;

    **B.**     Punitive damages against the individual Defendants, jointly and severally;

    **C.**     Pre-judgment and post-judgment interest and recovery of costs, as well as reasonable attorneys' fees, pursuant to applicable federal and state laws;

    **D.**     Any other and further relief the Court deems equitable and just.

## VII.     __JURY DEMAND__

Plaintiffs respectfully demand a trial by jury of all issues in this matter so triable pursuant to Federal and North Carolina Rule of Civil Procedure 38(b).

25

This the 26th day of March, 2025

**LAW OFFICES OF JAMES SCOTT FARRIN**
*Attorneys for Plaintiff*

By: _____
Nichad Davis (State Bar No. 56297)
555 S. Mangum Street, Suite 800
Durham, North Carolina 27701
Telephone: (919) 688-4991
Facsimile: (919) 688-4468
Email: ndavis@farrin.com

26

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**25CV016080-590**

| | |
|---|---|
| DEMETRICS MCGILL, individually and as Administrator of the Estate of SANRICO MCGILL, CORDARIO MCGILL and DEMONTREZ MOBLEY <br> **Plaintiff** <br><br> v. <br><br> CITY OF CHARLOTTE, BENJAMIN DEVRIES, SEAN WERCHEK, TYMEL CARSON, and JAMES FISHER, in their individual and official capacity <br> **Defendant** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**AFFIDAVIT OF SERVICE BY DESIGNATED DELIVERY SERVICE ON DEFENDANTS' CITY OF CHARLOTTE, BENJAMIN DEVRIES, SEAN WERCHEK, TYMEL CARSON, and JAMES FISHER, in their individual and official capacity**

Nichad Davis duly sworn deposes and says:

1. Service of Process by Designated Delivery Service has been completed on all Defendants City Of Charlotte, Benjamin Devries, Sean Werchek, Tymel Carson, and James Fisher, in their individual and official capacities. This affidavit is filed pursuant to the requirement of Rule 4(j2).

2. A Summons and Complaint were mailed to Defendants City Of Charlotte, Benjamin Devries, Sean Werchek, Tymel Carson, and James Fisher in their official capacity, c/o Marcus D. Jones – City Manager, City of Charlotte, 600 East Fourth Street, Charlotte, NC 28202 via FedEx, a designated delivery service on March 27, 2025.

3. The Summons and Complaint were received by Defendants City Of Charlotte, Benjamin Devries, Sean Werchek, Tymel Carson, and James Fisher in their official capacity, c/o Marcus D. Jones – City Manager, City of Charlotte, 600 East Fourth Street, Charlotte, NC 28202 on March 28, 2025 as evidenced by the mailing receipt attached hereto as Exhibit A to Exhibit E.

4. A Summons and Complaint were mailed to Defendant Benjamin Devries, in his individual capacity, 2424 Gold Cup Court, Matthews, NC 28105 and 2607 Kilamarnock Court, Matthews, NC 28105 via FedEx, a designated delivery service on March 27, 2025.

5. The Summons and Complaint were received by Defendant Benjamin Devries in his individual capacity, 2424 Gold Cup Court, Matthews, NC 28105 and 2607 Kilamarnock Court, Matthews, NC 28105 on March 31, 2025 and April 1, 2025 as evidenced by the mailing receipt attached hereto as Exhibit F and Exhibit G.

6.   A Summons and Complaint were mailed to Defendant Tymel Carson,  in his individual capacity, 2901 N. Davidson Street, #236, Charlotte, NC 28205 and 2901 N. Davidson Street, Unit 118, Charlotte, NC 28205 via FedEx, a designated delivery service on March 27, 2025.

7.   The Summons and Complaint were received by Defendant Tymel Carson, in his individual capacity, 2901 N. Davidson Street, #236, Charlotte, NC 28205 and 2901 N. Davidson Street, Unit 118, Charlotte, NC 28205 on March 31, 2025 as evidenced by the mailing receipt attached hereto as Exhibit H and Exhibit I.

8.   A Summons and Complaint were mailed to Defendant James Fisher, in his individual capacity, 148 Rhyne Springs Road, Mount Holly, NC 28120 via FedEx, a designated delivery service on March 27, 2025.

9.   The Summons and Complaint were received by Defendant James Fisher, in his individual capacity, 148 Rhyne Springs Road, Mount Holly, NC 28120 on March 28, 2025 as evidenced by the mailing receipt attached hereto as Exhibit J.

10. A Summons and Complaint were mailed to Defendant Sean Werchek, in his individual capacity, 147 Lambeth Loop, Mooresville, NC 28115 via FedEx, a designated delivery service on March 27, 2025.

11. The Summons and Complaint were received by Defendant Sean Werchek, in his individual capacity, 147 Lambeth Loop, Mooresville, NC 28115 on March 28, 2025 as evidenced by the mailing receipt attached hereto as Exhibit K.

This the __3rd__ day of __April__, __2025__.

**LAW OFFICES OF JAMES SCOTT FARRIN**
Attorneys for Plaintiff

By:  _____
Nichad Davis (State Bar No. 56297)
555 S. Mangum Street, Suite 800
Durham, North Carolina 27701
Telephone:  919- 688-4991
Facsimile:

SUBSCRIBED AND SWORN TO BEFORE ME,
THIS THE __3rd__ DAY OF __April__, __2025__.

_____
NOTARY PUBLIC

My Commission Expires:  __11/15/2026__

BETHANY L SHERIDAN
NOTARY
My Comm. Exp.
11/15/2026
PUBLIC
CALDWELL COUNTY, NC



March 31, 2025

Dear Customer,

# Exhibit A

The following is the proof-of-delivery for tracking number: 880123228321

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed for by: | P.Tello | Delivery Location: | City Manager, City of Charlotte |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday;<br>Adult Signature Required | | 600 East Fourth St |
| | | | CHARLOTTE, NC, 28202 |
| | | Delivery date: | Mar 28, 2025 13:32 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880123228321 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
City of Charlotte, c/o Marcus D. Jones
City Manager, City of Charlotte
600 East Fourth St
CHARLOTTE, NC, US, 28202

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference          BLS/LIT/1603991



P. TELLO
#76, 13:34, 6 Del, 0 NonDel

Thank you for choosing FedEx.



Dear Customer,

# Exhibit B

The following is the proof-of-delivery for tracking number: 880122938141

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed by: | P.Tello | Delivery Location: | c/o Marcus D. Jones |
| Service type: | FedEx Standard Overnight | | City Manager, City of Charlotte |
| Special Handling: | Deliver Weekday;<br>Adult Signature Required | | CHARLOTTE, NC, 28202 |
| | | Delivery date: | Mar 28, 2025 13:32 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880122938141 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer Benjamin DeVries, City of Charlotte
c/o Marcus D. Jones
City Manager, City of Charlotte
CHARLOTTE, NC, US, 28202

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference                BLS/LIT/1603991



P. TELLO
#76, 13:34, 6 Del, 0 NonDel

Thank you for choosing FedEx.




March 31, 2025

# Exhibit C

Dear Customer,

The following is the proof-of-delivery for tracking number: 880122668867

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed for by: | P.Tello | Delivery Location: | c/o Marcus D. Jones |
| Service type: | FedEx Standard Overnight | | City Manager, City of Charlotte |
| Special Handling: | Deliver Weekday; Adult Signature Required | | CHARLOTTE, NC, 28202 |
| | | Delivery date: | Mar 28, 2025 13:32 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880122668867 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer Sean Werchek, City of Charlotte
c/o Marcus D. Jones
City Manager, City of Charlotte
600 East Fourth Street
CHARLOTTE, NC, US, 28202

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference          BLS/LIT/1603991



P. TELLO
#76, 13:34, 6 Del, 0 NonDel

Thank you for choosing FedEx.



March 31, 2025

# Exhibit D

Dear Customer,

The following is the proof-of-delivery for tracking number: 880122751853

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed by: | P.Tello | Delivery Location: | c/o Marcus D. Jones |
| Service type: | FedEx Standard Overnight | | City Manager, City of Charlotte |
| Special Handling: | Deliver Weekday;<br>Adult Signature Required | | CHARLOTTE, NC, 28202 |
| | | Delivery date: | Mar 28, 2025 13:32 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880122751853 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer Tymel Carson, City of Charlotte
c/o Marcus D. Jones
City Manager, City of Charlotte
600 East Fourth Street
CHARLOTTE, NC, US, 28202

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference                BLS/LIT/1603991



P. TELLO
#76, 13:34, 6 Del, 0 NonDel

Thank you for choosing FedEx.



March 31, 2025

Dear Customer,

# Exhibit E

The following is the proof-of-delivery for tracking number: 880123175611

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed for by: | P.Tello | Delivery Location: | c/o Marcus D. Jones |
| Service type: | FedEx Standard Overnight | | City Manager, City of Charlotte |
| Special Handling: | Deliver Weekday;<br>Adult Signature Required | | CHARLOTTE, NC, 28202 |
| | | Delivery date: | Mar 28, 2025 13:32 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880123175611 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer James Fisher, City of Charlotte
c/o Marcus D. Jones
City Manager, City of Charlotte
600 East Fourth Street
CHARLOTTE, NC, US, 28202

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference        BLS/LIT/1603991



P. TELLO
#76, 13:34, 6 Del, 0 NonDel

Thank you for choosing FedEx

 

April 02, 2025

Dear Customer,

## Exhibit F

The following is the proof-of-delivery for tracking number: 880122860758

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | J.Devries | Delivery Location: | 2424 Gold Cup Court |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday; Residential Delivery; Adult Signature Required | | MATTHEWS, NC, 28105 |
| | | Delivery date: | Apr 1, 2025 19:25 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880122860758 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer Benjamin DeVries,
2424 Gold Cup Court
MATTHEWS, NC, US, 28105

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference                    BLS/LIT/1603991



Thank you for choosing FedEx.



## Exhibit G

Dear Customer,

The following is the proof-of-delivery for tracking number: 880123079934

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | A.Cabreeze | Delivery Location: | 2607 Kilamarnock Court |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday; Residential Delivery; Adult Signature Required | | MATTHEWS, NC, 28105 |
| | | Delivery date: | Mar 31, 2025 13:28 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880123079934 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer Benjamin DeVries,
2607 Kilamarnock Court
MATTHEWS, NC, US, 28105

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference          BLS/LIT/1603991



A. CABREEZE
#27, 13:30, 1 Del, 0 NonDel

Thank you for choosing FedEx.

 

March 31, 2025

# Exhibit H

Dear Customer,

The following is the proof-of-delivery for tracking number: 880122603860

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | T.Carson | Delivery Location: | 2901 N. Davidson Street, #236 |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday;<br>Residential Delivery;<br>Adult Signature Required | | CHARLOTTE, NC, 28205 |
| | | Delivery date: | Mar 31, 2025 14:42 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880122603860 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer Tymel Carson,
2901 N. Davidson Street, #236
CHARLOTTE, NC, US, 28205

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference          BLS/LIT/1603991



T. CARSON
#93, 14:48, 2 Del, 0 NonDel

Thank you for choosing FedEx



April 03, 2025

# Exhibit I

Dear Customer,

The following is the proof-of-delivery for tracking number: 880122807530

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | T.Carson | Delivery Location: | 2901 N. Davidson Street, Unit 118 |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday; Residential Delivery; Adult Signature Required | | CHARLOTTE, NC, 28205 |
| | | Delivery date: | Mar 31, 2025 14:42 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880122807530 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer Tymel Carson,
2901 N. Davidson Street, Unit 118
CHARLOTTE, NC, US, 28205

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference          BLS/LIT/1603991



T. CARSON
#93, 14:48, 2 Del, 0 NonDel

Thank you for choosing FedEx.



# Exhibit J

Dear Customer,

The following is the proof-of-delivery for tracking number: 880123121541

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed by: | K.Fisher | Delivery Location: | 148 Rhyne Springs Road |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday;<br>Residential Delivery;<br>Adult Signature Required | | MOUNT HOLLY, NC, 28120 |
| | | Delivery date: | Mar 28, 2025 09:33 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880123121541 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer James Fisher,
148 Rhyne Springs Road
MOUNT HOLLY, NC, US, 28120

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference                BLS/LIT/1603991



Thank you for choosing FedEx.



March 31, 2025

Dear Customer,

# Exhibit K

The following is the proof-of-delivery for tracking number: 880122285994

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | L.Lee | Delivery Location: | 147 Lambeth Loop |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday;<br>Residential Delivery;<br>Adult Signature Required | | MOORESVILLE, NC, 28115 |
| | | Delivery date: | Mar 28, 2025 16:24 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 880122285994 | Ship Date: | Mar 27, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Officer Sean Werchek,
147 Lambeth Loop
MOORESVILLE, NC, US, 28115

Shipper:
Front Desk, LAW OFC OF JAMES S FARRIN PC
555 S. Mangum St
DURHAM, NC, US, 27701

Reference                     BLS/LIT/1603991



L. LEE
#70, 16:25, 1 Del, 0 NonDel

Thank you for choosing FedEx.

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

File No.
25CV016080-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill | **CIVIL SUMMONS**<br>☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *Address*<br>Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800 | |
| *City, State, Zip*<br>Durham          NC     27701 | G.S. 1A-1, Rules 3 and 4 |

**VERSUS**

| | |
|---|---|
| *Name Of Defendant(s)*<br>City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek,Officer Tymel Carson and Officer James Fisher, in their individual and official capacity | *Date Original Summons Issued*<br>03/26/2025 |
| | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>Officer Tymel Carson, in his official capacity<br>c/o Marcus D. Jones - City Manager, City of Charlotte<br>600 East Fourth Street<br>Charlotte          NC     28202 | *Name And Address Of Defendant 2*<br>Officer Tymel Carson, in his individual capacity<br>2901 N. Davidson Street, Unit 118<br><br>Charlotte          NC     28205 |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1.   Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.   File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham          NC     27701 | *Date Issued*<br>**4/24/2025** | *Time*<br>**2:17:56 pm** ☐ AM ☐ PM |
|---|---|---|
| | *Signature*<br>**/s/ Mitchell Woodard** | |
| | ☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

<u>Mecklenburg</u> County

File No.
25-CV-016080-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill

**Address**
Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800

**City, State, Zip**
Durham                    NC        27701

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

**Name Of Defendant(s)**
City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson,Officer James Fisher and

Officer Patrick Gardner individual and official capacity

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Officer Patrick Gardner, in his official capacity | Officer Patrick Gardner, in his individual capacity |
| c/o Attorney Lori Keeton, The Law Offices of Lori Keeton | 10949 Busbin Road |
| 13850 Ballantyne Corporate Place, Suite 500 | |
| Charlotte                    NC        28277 | Mount Pleasant                    NC        28124 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!**

**A Civil Action Has Been Commenced Against You!**
You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1.  Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Nichad D. Davis
Law Offices of the James Scott Farrin
555 South Mangum Street, Suite 800
Durham                    NC        27701

**Date Issued** 4/24/2025     **Time** 2:17:56 pm  ☐ AM ☐ PM

**Signature** /s/ Mitchell Woodard

☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court

☐ ENDORSEMENT (ASSESS FEE)
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**     **Time**     ☐ AM ☐ PM

**Signature**

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

# STATE OF NORTH CAROLINA

**Mecklenburg** County

File No. 25CV016080-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

---

*Name Of Plaintiff*
Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill

*Address*
Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800

*City, State, Zip*
Durham      NC    27701

## CIVIL SUMMONS
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

### VERSUS

*Name Of Defendant(s)*
City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity

*Date Original Summons Issued*
03/26/2025

*Date(s) Subsequent Summons(es) Issued*

---

**To Each Of The Defendant(s) Named Below:**

*Name And Address Of Defendant 1*
City of Charlotte
c/o Marcus D. Jones - City Manager, City of Charlotte
600 East Fourth Street
Charlotte      NC    28202

*Name And Address Of Defendant 2*

---

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!** You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1. Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

---

*Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*
Nichad D. Davis
Law Offices of the James Scott Farrin
555 South Mangum Street, Suite 800
Durham      NC    27701

*Date Issued*
4/24/2025

*Time*
2:17:56 pm   ☐ AM ☐ PM

*Signature*
/s/ Mitchell Woodard

☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court

---

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

*Date Of Endorsement*

*Time*
☐ AM ☐ PM

*Signature*

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

---

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

Mecklenburg County

File No.
25CV016080-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill | |

Address
Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800

City, State, Zip
Durham    NC    27701

**CIVIL SUMMONS**
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

## VERSUS

Name Of Defendant(s)
City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity

Date Original Summons Issued
03/26/2025

Date(s) Subsequent Summons(es) Issued

---

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Officer Benjamin DeVries, in his official capacity | Officer Benjamin DeVries, in his individual capacity |
| c/o Marcus D. Jones - City Manager, City of Charlotte | 2424 Gold Cup Court |
| 600 East Fourth Street | |
| Charlotte    NC    28202 | Matthews    NC    28105 |

---

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1.  Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

---

Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)
Nichad D. Davis
Law Offices of the James Scott Farrin
555 South Mangum Street, Suite 800
Durham    NC    27701

Date Issued
4/24/2025

Time
2:17:56 pm    ☐ AM    ☐ PM

Signature
/s/ Mitchell Woodard

☐ Deputy CSC    ☒ Assistant CSC    ☐ Clerk Of Superior Court

---

☐ ENDORSEMENT (ASSESS FEE)
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement

Time    ☐ AM    ☐ PM

Signature

☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

---

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

File No.

25CV016080-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill | |

**Address**
Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800

| City, State, Zip | | |
|---|---|---|
| Durham | NC | 27701 |

**CIVIL SUMMONS**
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

## VERSUS

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity | 03/26/2025 |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Officer Benjamin DeVries, in his individual capacity<br>2607 Kilmarnock Court<br><br>Matthews        NC        28105 | |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1. Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham        NC        27701 | 4/24/2025 | 2:17:56 pm ☐ AM ☐ PM | |
| | **Signature** /s/ Mitchell Woodard | | |
| | ☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court | | |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time | |
|---|---|---|
| | ☐ AM ☐ PM | |
| **Signature** | | |
| ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

Mecklenburg County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name Of Plaintiff
Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill

Address
Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800

City, State, Zip
Durham                    NC        27701

## CIVIL SUMMONS
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**VERSUS**

Name Of Defendant(s)
City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson and Officer James Fisher, in their individual and official capacity

Date Original Summons Issued
03/26/2025

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Officer Sean Werchek, in his official capacity<br>c/o Marcus D. Jones - City Manager, City of Charlotte<br>600 East Fourth Street<br>Charlotte                    NC        28202 | Officer Sean Werchek, in his individual capacity<br>147 Lambeth Loop<br><br>Mooresville                    NC        28115 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!

**A Civil Action Has Been Commenced Against You!**
You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1.  Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham                    NC        27701 | Date Issued<br>4/24/2025 | Time<br>2:17:56 pm  ☐ AM  ☐ PM |
|---|---|---|
| | Signature<br>/s/ Mitchell Woodard | |
| | ☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time  ☐ AM  ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

File No.
25CV016080-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

*Name Of Plaintiff*
Demetrics McGill, indiv and as Admin of the Estate Sanrico McGill

*Address*
Law Offices of James Scott Farrin, 555 S. Mangum Street, Suite 800

*City, State, Zip*
Durham                                    NC        27701

## VERSUS

**CIVIL SUMMONS**
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

*Name Of Defendant(s)*
City of Charlotte, Officer Benjamin DeVries, Officer Sean Werchek,Officer Tymel Carson and Officer James Fisher, in their individual and official capacity

*Date Original Summons Issued*
03/26/2025

*Date(s) Subsequent Summons(es) Issued*

## To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Officer Tymel Carson, in his individual capacity<br>2901 N. Davidson Street, #236<br><br>Charlotte                    NC        28205 | |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon aspossible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posibleacerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estosdocumentos!

**A Civil Action Has Been Commenced Against You!**
You are notified to appear and answer the Complaint and Requests for Admissions of the plaintiff as follows:

1.  Serve a copy of your written answer to the Complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* | *Time* | |
|---|---|---|---|
| Nichad D. Davis<br>Law Offices of the James Scott Farrin<br>555 South Mangum Street, Suite 800<br>Durham                    NC        27701 | 4/24/2025 | 2:17:56 pm ☐ AM ☐ PM | |
| | *Signature*<br>/s/ Mitchell Woodard | | |
| | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | | |

☐ ENDORSEMENT (ASSESS FEE)
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| *Date Of Endorsement* | *Time* | |
|---|---|---|
| | ☐ AM ☐ PM | |
| *Signature* | | |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25-CV-016080-590

DEMETRICS MCGILL, individually
and as Administrator of the Estate of
SANRICO MCGILL, CORDARIO
MCGILL and DEMONTREZ
MOBLEY, individually,
                              Plaintiff

v.

CITY OF CHARLOTTE,
BENJAMIN DEVRIES, SEAN
WERCHEK, TYMEL CARSON,
JAMES FISHER and PATRICK
GARDNER, in their individual and
official capacity,

                              Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**AMENDED COMPLAINT**
(Jury Trial Demanded)

NOW COMES Plaintiffs, by and through counsel, complaining of Defendants, and alleges:

## I.     PARTIES

1.      Plaintiff Demetrics McGill is a citizen and resident of Mecklenburg County and the duly appointed Administrator of the Estate of her deceased son, Sanrico McGill, who was shot dead by Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher and Officer Patrick Gardner on December 16, 2023.

2.      The decedent (hereinafter "Decedent" or "Sanrico McGill"), was a 34-year-old male and a citizen and resident of Mecklenburg County, North Carolina at the time of the shooting.

3.      Plaintiff Cordario McGill is the biological brother and living survivor of Decedent and was present at 1515 Catherine Simmons Avenue at the same time and place of

1

Decedent's fatal shooting and is a citizen and resident of Mecklenburg County, North Carolina.

4.      Plaintiff Demontrez Mobley is the biological brother and living survivor of Decedent and was present at 1515 Catherine Simmons Avenue at the same time and place of Decedent's fatal shooting and is a citizen and resident of Mecklenburg County, North Carolina.

5.      Defendant City of Charlotte is a municipal corporation organized by charter under Chapter 160A of the North Carolina General Statutes. It maintains and operates pursuant to its charter a unified city-county police force called the Charlotte-Mecklenburg Police Department ("CMPD"). The City of Charlotte bears legal responsibility under state law for acts and omissions CMPD police officers in the course of their employment. Further, the City has expressly ratified the conduct of Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher  and Patrick Gardner in this case. All officers named in this Complaint are collectively referred to as "CMPD Officer Defendants" and are sued in their individual and official capacity.

**Waiver of Sovereign and/or Governmental Immunity**

6.      By ordinance adopted by its elected Council pursuant to N.C.G.S. § 160A-485.5, the City has waived its governmental immunity from the negligence of CMPD police officers pursuant to the State Tort Claims Act. That waiver applies to the wrongful death claim and other claims set forth below.

7.      Defendant City is also sued under 42 U.S.C. § 1983 for the violation of Sanrico McGill's Fourth Amendment rights. The Officer Defendants are "persons" acting under "color of law" for purposes of Section 1983 and Defendant City a corporate entity organized under state law. Defendant's City-Manager and Police Chief have expressly ratified the shooting of Decedent by Sanrico McGill, subjecting the City to liability under § 1983. That ratification was made under

2

color of state law.

8. Upon information and belief, and at all relevant times to this action, Defendant Officer Benjamin DeVries was an adult citizen and resident of Mecklenburg County and was employed as a law enforcement officer with the CMPD. He is sued in his official capacity under state law for negligence in the wrongful death of Decedent and the City has waived governmental immunity as to that claim.

9. Alternatively, Officer Benjamin DeVries is sued in his individual capacity law for assault and battery for shooting and killing Sanrico McGill. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Sanrico McGill's rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against federal and state law claims.

10. Upon information and belief, and at all relevant times to this action, the Defendant Officer Sean Werchek was an adult citizen and resident of Mecklenburg County and was employed as a law enforcement officer with the CMPD. He is sued in his official capacity under state law for negligence in the wrongful death of Decedent and the City has waived governmental immunity as to that claim.

11. Alternatively, Officer Sean Werchek is sued in his individual capacity under state law for assault and battery for shooting and killing Sanrico McGill. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Sanrico McGill's rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against federal and state law claims.

12. Upon information and belief, and at all relevant times to this action, Defendant Officer Tymel Carson was an adult citizen and resident of Mecklenburg County and was

employed as a law enforcement officer with the CMPD. He is sued in his official capacity under state law for negligence in the wrongful death of Decedent and the City has waived governmental immunity as to that claim.

13.   Alternatively, Officer Tymel Carson is sued in his individual capacity under state law for assault and battery for shooting and killing Sanrico McGill. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Sanrico McGill's rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against federal and state law claims.

14.   Upon information and belief, and at all relevant times to this action, Defendant Officer James Fisher was an adult citizen and resident of Mecklenburg County and was employed as a law enforcement officer with the CMPD. He is sued in his official capacity under state law for negligence in the wrongful death of Decedent and the City has waived governmental immunity as to that claim.

15.   Alternatively, Officer James Fisher is sued in his individual capacity under state law for assault and battery for shooting and killing Sanrico McGill. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Sanrico McGill's rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against federal and state law claims.

16.  Upon information and belief, and at all relevant times to this action, Defendant Officer Patrick Gardner was an adult citizen and resident of Mecklenburg County and was employed as a law enforcement officer with the CMPD. He is sued in his official capacity under state law for negligence in the wrongful death of Decedent and the City has waived governmental immunity as to that claim.

4

17. Alternatively, Officer Patrick Gardner is sued in his individual capacity law for assault and battery for shooting and killing Sanrico McGill. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Sanrico McGill's rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against federal and state law claims.

18. Upon information and belief, Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher and Officer Patrick Gardner and Defendant City of Charlotte are insured by one or more policies of liability insurance and/or indemnification agreements under North Carolina law, including N.C. Gen. Stat. § 160A-485 with respect to the acts and omissions complained of herein, and to such extent Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher, Officer Patrick Gardner and Defendant City of Charlotte, have waived any official, sovereign, or governmental immunity to which Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher, Officer Patrick Gardner and Defendant City of Charlotte, might otherwise be entitled.

19. Defendants have waived any official, sovereign, or governmental immunity to which Defendants might otherwise have been entitled.

20. Defendant, City of Charlotte, is and at all pertinent times has been a city, as defined by N.C. Gen. Stat. § 160A-1(2), chartered by the State of North Carolina. The City of Charlotte operates and maintains a law enforcement agency known as the City of Charlotte-Mecklenburg Police Department.

5

21.     Additionally, Defendant City of Charlotte is a municipal corporation located within Mecklenburg County, North Carolina and organized and existing under the laws of the State of North Carolina.

22.     Upon information and belief, through its governing body -- the Charlotte City Council -- Defendant City of Charlotte has appropriated funds and establishes the budget for the Charlotte-Mecklenburg Police Department and is responsible for the policies and practices established and carried out by the Charlotte-Mecklenburg Police Department and Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher and Officer Patrick Gardner. The City of Charlotte has waived any applicable immunity defenses in tort by the purchase of general liability insurance. At all times relevant to this action, Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher and Officer Patrick Gardner were employees of the City of Charlotte as law enforcement officers and acting as agents of the City of Charlotte in their official capacity as Charlotte-Mecklenburg police officers.

## II.     JURISDICTION AND VENUE

23.     This Court has subject-matter and personal jurisdiction pursuant to N.C.G.S. § 160-A-485.5(b)(1) as Defendant City of Charlotte has waived sovereign immunity by statute and such a waiver grants "jurisdiction for tort claims against the city shall be vested in the Superior Court Division of the General Court of Justice of the county where the city is principally located." Therefore, the City of Charlotte, is subject to jurisdiction in Mecklenburg County Superior Court for tort claims against the City and individual officers of the City, as alleged below.

24.     This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) and 42 U.S.C. § 1988 because the claims asserted by Plaintiffs arise under the laws

6

of the United States and seek redress for rights guaranteed by the North Carolina Constitution, United States Constitution, and of North Carolina state law.

25.     This Court personal jurisdiction pursuant to N.C.G.S. § 1-75.4(1) because the claims set forth in this Complaint arises within the state of North Carolina, the claims are asserted against a party who is a natural person domiciled within North Carolina, a municipal corporation in North Carolina (City of Charlotte), individual Plaintiffs are residents or domiciled in North Carolina.

26.     This Court also has personal jurisdiction pursuant to N.C.G.S. § 28A-18-3 as the personal representative of the wrongful death Estate of Sanrico McGill is domiciled in North Carolina.

27.     Venue is proper in Mecklenburg County pursuant to N.C.G.S. § 160-A-485.5(b)(1), as alleged in paragraph 21, and pursuant to N.C.G.S. § 1-82 because the Decedent's Estate is filed in Mecklenburg County, Plaintiffs are residents of Mecklenburg County, and the events that are the subject of the lawsuit occurred in the city of Charlotte, Mecklenburg County, North Carolina.

### III. FACTUAL BACKGROUND

28.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

29.     On or about December 15, 2023, Sanrico McGill's became ill and experienced symptoms due to bipolar schizophrenia and psychosis.

30.     As a result of Sanrico McGill's illness, Demetrics McGill, called 9-1-1, seeking assistance in what she described as a "mental health crisis" and requested an involuntary commitment of Sanrico McGill, as she had done more than a dozen times prior to this date.

7

31.     After her first call to CMPD, Ms. McGill was informed by 9-1-1 dispatch operators that the involuntary commitment would take 24 hours before law enforcement could arrive at her home and serve the involuntary commitment order.

32.     At approximately 6:00 a.m. on December 16, 2023, Sanrico McGill heard two or three gunshots which seemed to be coming from the park area near his residence located at 1515 Catherine Simmons Avenue, Apartment #2, Charlotte, NC.

33.     At this same time, Demetrics McGill also heard the gunshots and called 9-1-1 to report her son, Sanrico McGill was still outside. She was afraid that the shots were too close to Sanrico's portion of the residence and informed the 9-1-1 dispatcher that she had recently completed an involuntary commitment paperwork on her son, Sanrico McGill, and was waiting for Charlotte-Mecklenburg Police Department to serve him with the paperwork and take him for treatment.

34.     On or about December 16, 2023, at or around 6:18 a.m., Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson  Officer James Fisher and Officer Patrick Gardner responded to the residence located at 1515 Catherine Simmons Avenue, Apartment #2, Charlotte, NC.

35.     Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson  Officer James Fisher and Officer Patrick Gardner were familiar with Demetrics McGill from a previous interaction involving her as the complainant on an Involuntary Commitment Order for Sanrico McGill in the summer of 2023.

36.     Upon arrival at 1515 Catherine Simmons Avenue, Officers Carson and other CMPD officers entered the front lawn of the residence with guns drawn. After a few seconds of being on the front lawn of the residence, Officers Gardner and Carson, along with other CMPD

8

Officers that responded to the call for service, heard loud music coming from the right portion of the residence. The door was open, windows were up, and a person was walking around with no weapon in his hand at this time. This person was identified as Sanrico McGill.

37.     At the same time and place, as CMPD Officers approached the residence at 1515 Catherine Simmons Avenue, Officer Gardner saw Sanrico standing in his living room area. The windows of his unit were up, the door was open, and no other person was observed in this space. As Sanrico listened to music, Officer Gardner announced his presence and commanded for him and other occupants to come out of the residence. Officer Gardner never heard gun shots, never saw Sanrico with a weapon in his hands, never saw any occupants of the home in a fearful state for their safety. Despite knowing this and observing this, Officer Gardner lied about what he saw, and set in place a turn of events that would turn this mental health call for service into a dangerous and deadly encounter between CMPD and Plaintiffs.

38.     In the seconds immediately after, CMPD officers verbally confirmed the identity of Sanrico McGill. Relying on the blatantly false statements made by Officer Gardner, the officers ran approximately 25-30 feet across the street, sought cover behind CMPD squad cars, and began to shout commands for "all occupants of 1515 Catherine Simmons" to "exit the residence with your hands up."

39.     Within seconds, Plaintiffs Demetrics McGill and Demontrez Mobley exited the home with their hands up. Both began yelling back to CMPD officers "what are you doing?" and "this is mental health."

40.     Plaintiffs Demetrics McGill and Demontrez Mobley complied with CMPD officers' commands but began pleading that this was "unnecessary" and were in apparent confusion as to why there were now several officers with guns pointed at their residence for a

9

service call for "mental health." In a span of nearly two-minutes, both Plaintiffs begged officers to lower their guns, respond to this mental health crisis, and to go get their "supervisors" since this was not the protocol that either were familiar with in previous service calls for a mental health crisis.

41.     Defendant Officers continued to escalate this mental health crisis, yelled for more occupants to come out, and ignored the cries for help.

42.     At the same time and place, Plaintiff Cordario McGill exited the residence, hands up, with no apparent threat to himself, officers, or other occupants of the home. He then walked to the right side of the residence to get his brother Sanrico McGill, as he was in apparent shock and confusion as to why CMPD Officers were treating this mental health call for service with guns drawn, escalating this crisis into a more dangerous situation for all persons who exited the residence.

43.     In the moments immediately after Plaintiff Cordario McGill exited the residence, Sanrico McGill also came outside of the residence. He stood on the right-side of the residence on the porch, shouting back at nearly a dozen CMPD officers who appeared to have their guns drawn and pointed in his direction, flashing lights in his direction, yelling a series of commands over one another. It was clear that Sanrico McGill was experiencing delirium and a manic episode, but he posed no threat to himself, other family members, and no CMPD Officers.

44.     After exiting the residence, Sanrico McGill stood on the right-sided porch of the residence, anxious to walk out into the lawn into what appeared to welcome him with demise, as he was in the line of fire of several CMPD Officers, armed with rifles and handguns pointed in his direction.

45.     Neighbors came outside yelling for CMPD Officers to lower their weapons and

10

joined the cries for help as Decedent's family members continued to plead that this was "mental health" and begging CMPD Officers to "help him" as they all witnessed CMPD Officers escalate this call for service into a dangerous standoff, shouting at Sanrico McGill as he stood on the porch experiencing a mental health breakdown.

46. On or about December 16, 2023, at or around 6:22 a.m., Officer Benjamin DeVries, Officer, Sean Werchek, Officer Tymel Carson Officer James Fisher and Officer Patrick Gardner observed Sanrico McGill exit the residence located at 1515 Catherine Simmons Avenue, Apartment #2, Charlotte, NC.

47. At the same and place, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher and Officer Patrick Gardner then observed Sanrico McGill return inside the residence for approximately 10 to 20 seconds.

48. Plaintiff DeMontrez Mobley continued to plead with CMPD Officers to drop their weapons, and to handle this situation as "mental health." As he done more than ten times in the preceding minutes, Mr. Mobley shouted for CMPD Officers to lower their firearms, assuring Defendant Officer Gardner that his brother was "not going to hurt anyone" during this apparent mental health episode – which had suddenly unfolded before neighbors and family members.

49. Officer Gardner spoke to Mr. Mobley, and this interaction is captured on body-worn camera ("BWC") footage. This interaction depicts Officer Gardner acknowledge that Mr. Mobley was not in fear for his life, Ms. McGill or Cordario McGill were not in fear for their life, Sanrico was not a threat to himself, and CMPD Officers were not in any imminent threat for their life or safety. Despite knowing this, Officer Gardner and the other Officer Defendants shouted commands towards the residence, creating a confusing, hostile, dangerous, and potential deadly environment.

11

50.     As Sanrico McGill stood on the porch, he began yelling into the air, it was clear that he needed help. In this moment, it became readily apparent that no one reasonably believed that Sanrico was an imminent threat to his own safety, the safety of neighbors, his family members, or CMPD Officers who were shouting conflicting commands in his direction from 30-40 feet away.

51.     Simultaneously, while multiple CMPD Officers were pointing their firearms in the direction of Decedent's residence, Officer Werchek exclaims that "we know" and "it's mental health, we have dealt with him a couple of times before."

52.     At this juncture, CMPD Officers, including Defendant Wercheck, acknowledged that this was a "mental health" call for service, acknowledged that no one was in imminent danger, and that they had been to this residence before. However, several officers are also shouting commands over one another and escalating the delirium and manic episode that Sanrico McGill is clearly experiencing.

53.     At approximately 6:24 a.m., Sanrico McGill exited the front door of the right-side porch of the residence and attempted to raise an object that appeared to be a firearm. Before he could lift his arms about his waist, CMPD Officers shot more than thirty shots in the direction of 1515 Catherine Simmons Avenue.

54.     In a matter of seconds, Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher and, Officer Patrick Gardner fired their weapons while simultaneously yelling commands to Sanrico McGill to drop the gun and then began firing at Sanrico McGill until he fell to the floor of the porch and crawled back into the residence.

55.     Several bullets struck Sanrico McGill, as he fell to the floor in the doorway of his residence. Sanrico McGill never moved more than 10-feet from this doorway.

12

**56.**     As a direct and proximate result of Defendants, Sanrico McGill sustained catastrophic injuries and died.

## IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Negligence and Wrongful Death (N.C.G.S. § 28A-18-2)**
**Defendant City and Officers DeVries, Werchek, Carson, Fisher and Gardner in their individual and official capacity**

**57.**     Plaintiffs hereby repeat, reiterate, re-alleges, and incorporates all prior allegations set forth above with the same force and effect as if fully set forth herein."

**58.**     At all times all CMPD Officer Defendants, sued in their respective individual and official capacity, had a duty to act reasonably under the circumstances

**59.**     The actions of Defendants Officer Benjamin DeVries, Officer Sean Werchek, Officer Tymel Carson Officer James Fisher and Officer Patrick Gardner (collectively referred to as "Officer Defendants"), also had a duty to prevent unreasonable risk of harm, resulting in serious bodily injury and/or death of others.

**60.**     The actions of Officer Defendants, in shooting and killing Decedent, breached the duty of care owed to Decedent by a reasonable officer(s) in the circumstances and thus were negligent.

**61.**     Officer Defendants acted with malice, when they acted willfully or wantonly in a manner inconsistent with that of a person of reasonable intelligence would know to be contrary to his/their duty and intended to be prejudicial or injurious to another.

**62.**     Collectively, Officer Defendants were malicious in causing the death of Sanrico McGill in that they:

   **a.**   Recklessly, willfully, or wantonly created a dangerous civilian encounter after

13

one or more CMPD Officers acknowledged this was a mental health crisis,

**b.** Recklessly, willfully, or wantonly created a dangerous civilian encounter after one or more CMPD Officers acknowledged that he was initially unarmed,

**c.** Recklessly, willfully, or wantonly created or escalated a dangerous civilian encounter after CMPD Officers shouted multiple and confusing commands at decedent with their guns drawn, and;

**d.** Recklessly, willfully, or wantonly escalated an apparent mental health crisis into a deadly encounter, showing a heedless indifference for the safety and rights of others from the use of deadly force, taking Decedent's life and opportunity to receive a reasonable response to a health condition, as one or more CMPD Officers admit they had done so on previous occasions.

63.    As described above, the actions of Officer Defendants' conduct constitutes "malice" and Officer Defendants may not assert the defense of public official immunity.

64.    At all times, the above-mentioned Officer Defendants were negligent and acted maliciously in the following ways:

**a.** Failed to respond to and de-escalate a mental health crisis and call for service,

**b.** Failed to properly respond to a "mental health" cry for help by Decedent's mother and brothers with Officer Defendants, despite acknowledging that certain CMPD Officers knew that this was a mental health crisis and had "been here before."

**c.** Failed to provide adequate care to a person experiencing a mental health crisis and who was not a threat to himself or other occupants of the residence,

**d.** Created a hostile situation and escalated the events into a dangerous civil

14

standoff by drawing weapons and standing fully exposed to an unarmed person and escalating a situation that was de-escalated by family members;

**e.** Failed to communicate effectively with Sanrico McGill escalating their aggression, giving multiple conflicting commands, and failed to acknowledge that Sanrico McGill was attempting to adhere to law enforcement commands;

**f.** Failed to issue clear commands in accordance with Basic Law Enforcement Training ("BLET") Standards and failed to carry-out a policy for safely assisting a person in a mental health crisis;

**g.** Used unreasonable and unjustified deadly force used to detain a person that was allegedly suspected of being armed with a firearm or to secure the alleged weapon;

**h.** Failed to de-escalate the situation when Sanrico McGill made himself available to CMPD Officers, including Officer Defendants by displaying his hands and an unarmed person that was not a threat to himself, other occupants of the home, or to Officer Defendants;

**i.** Unreasonably implored deadly or lethal force, including shooting and killing Sanrico McGill *because* he followed errant commands during an apparent mental health crisis and was met with hostility and fear for his own safety by several officers pointing their firearms in his direction.

**65.** The conduct of Officer Defendants was a proximate cause of Decedent's injuries and eventual wrongful death.

**66.** To the extent Defendant City asserts the affirmative defense of contributory negligence, the Decedent, Sanrico McGill, was clearly in a position of peril from which he could

15

not escape when shot by Officer Defendants during this mental health crisis. Officer Defendants had the last clear chance to avoid Decedent's death.

67.     Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, seeks and is entitled to recover all damages for wrongful death allowed by N.C.G.S. § 28A-18-2(b), including punitive damages for willful and wanton conduct of Officer Defendants under N.C.G.S. § 28A-18-2-(b)(5).

68.     Officer Defendants are sued in their individual and official capacities on this negligence claim for wrongful death. Officer Defendants, Benjamin DeVries, Sean Werchek, Tymel Carson James Fisher and Officer Patrick Gardner, were at all times relevant in this action, acting as agent(s) for the City of Charlotte, which is liable for their official conduct under the doctrine of respondeat superior.

69.     Defendant City of Charlotte, pursuant to N.C.G.S. § 160A-485.5, has adopted an ordinance waiving its governmental immunity from claims of negligence by its employees to the same extent that sovereign immunity is waived under the State Tort Claims Act for claims of negligence against state employees. If Officer Defendants were state employees, their negligence would be actionable under the State Tort Claims Act. Thus, Officer Defendants' negligence is actionable here. The waiver is limited to $1 million in damages.

70.     Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, seeks and is entitled to recover all damages for wrongful death allowed by N.C.G.S. § 28A-18-2(b), including punitive damages for willful and wanton conduct of Officer Defendants under N.C.G.S. § 28A-18-2(b)(5). That provision applies to municipalities.

71.     Plaintiffs also seek the recoverable costs of this action.

**SECOND CLAIM FOR RELIEF**

16

***Negligence Per Se* and Gross Negligence: Officer Defendants Carson, DeVries, Werchek, Fisher and Gardner in their individual and official capacity**

72.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

73.    N.C. Gen.Stat. § 15A–401(d)(2) delineates the circumstances under which an officer's use of deadly force is justified.

74.    Pursuant to N.C. Gen.Stat. § 15A–401(d)(2), "A law-enforcement officer is justified in using deadly physical force upon another person ... only when it is or appears to be reasonably necessary thereby ... [t]o defend himself or a third person from what he reasonably believes to be the use or imminent use of deadly physical force[.] ... Nothing in this subdivision constitutes justification for willful, malicious or criminally negligent conduct by any person which injures or endangers any person or property, nor shall it be construed to excuse or justify the use of unreasonable or excessive force."

75.    As set forth in the paragraphs 52-67 above, Officer Defendants were malicious and negligent in that they (1) owed a duty to Plaintiffs to act reasonably and not to use unjustified deadly force; (2) breached that duty by their malicious, reckless, and otherwise negligent failures to act reasonably in preventing deadly injury to Sanrico McGill; (3) this breach was a proximate cause in the serious bodily injuries and death of Sanrico McGill; and the Decedent suffered significant, life-threatening injuries, resulting in his death.

76.    Officer Defendants also had a duty under N.C.G.S. § 15A-401(d)(2), and the aforementioned actions breached this duty.

77.    Sanrico McGill, the decedent, was a person designed to be protected under N.C.G.S. § 15A-401(d)(2) from such malicious, reckless, and unjustified use of deadly force and

17

suffered injuries or harm that the statute was designed to protect persons in Sanrico McGill's position from suffering.

78.     Officer Defendants are subject to liability for the malicious, reckless, or otherwise heedless indifference to the safety and rights of others by using unjustified deadly force, which is negligence per se.

79.     Officer Defendants' conduct was a direct and proximate cause of Decedents fatal injuries and death. As a direct and proximate result of these personal injuries, Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, is entitled to recover from the Defendants, jointly and severally, compensatory damages exceeding Twenty-Five Thousand Dollars ($25,000.00).

80.     Additionally, Officer Defendants "malice" constitutes conduct giving rise to gross negligence and/or amounting to conduct where Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, may recover punitive damages under N.C. Gen. Stat. §§ 1D-5, 15.

81.     Plaintiff Demetrics McGill, in her capacity as Administrator of the Estate, seeks and is entitled to recover all damages for wrongful death allowed by N.C.G.S. § 28A-18-2(b), including punitive damages for willful and wanton conduct of Officer Defendants under N.C.G.S. § 28A-18-2(b)(5). That provision applies to municipalities.

## THIRD CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

82.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

83.     This claim is brought by Plaintiffs DeMontrez Mobley, Cordario McGill, and Demetrics McGill, individually, against Defendant Officers, who are sued under this claim in

18

their individual and official capacity, and Defendant City.

84. In committing the acts alleged in the previous paragraphs, Officer Defendants, was/were employees or agents of the City of Charlotte, acting within the scope of his employment of Charlotte-Mecklenburg Police Department ("CMPD").

85. The negligence of Officer Defendants, as set alleged and re-alleged above, is also negligence of Defendant City, through respondeat superior or vicarious liability, as each individually named Officer Defendant – Carson, DeVries, Werchek, Fisher and Gardner – carried out such actions within the course and scope of employment with the City, ratified by the City, and/or expressly authorized by the City.

86. The City of Charlotte, upon information and belief, has waived immunity for this claim on behalf of the City and its officers acting in their official capacities.

87. Therefore, the City is liable as principal for the torts committed by its agents in the course and scope of their employment under the doctrine of respondeat superior.

88. The City, through its officers, had the following duties:

    a. to ensure that citizens were not wrongfully seized and/or subjected to serious bodily injury or death by unjustified deadly force;

    b. ensure that proper de-escalation measures were in place during a mental health call for service;

    c. to exercise reasonable care when engaging in mental health service calls or investigations; and

    d. to use appropriate force and accurate information in reporting a mental health crisis service call.

89. The City, through its officers, were negligent and breached duties owed to

19

Plaintiffs in the following respects:

90.     The officer defendants caused Decedent to suffer serious bodily injury and death as a result of reckless, malicious, and an unjustified use of deadly force.

91.     Plaintiffs Demetrics McGill, DeMontrez Mobley, and Cordario McGill witnessed the entire horrifying event and was just several feet away from the incident and suffered severe emotional distress as a proximate result of the negligence of the named individual Officer Defendants, which is also imputed to his employer – Defendant City.

92.     Plaintiffs suffered severe and disabling anxiety, trauma, and have treated with mental health professionals for emotional distress and injuries sustained from what Plaintiffs describes as a horrifying event.

93.     The negligence, gross negligence, malicious acts, and unjustifiable use of deadly force in the shooting of Decedent, Sanrico McGill, was such that a reasonable and prudent person could have foreseen would probably produce such severe emotional distress.

94.     Office Defendants were aware of Plaintiffs presence during the incident, as CMPD Officers identified family members of Decedent prior to the shooting and spoke with each Plaintiff as an occupant of the residence where the shooting took place.

95.     Defendants' negligence was the proximate cause of the individual Plaintiffs' severe emotional distress as they witnessed their family member, slain within feet of their reach, as each person cried for help and "mental health" several times prior to and during the more than thirty (30) gunshots that were fired in the direction of Sanrico McGill. Despite Plaintiffs' cries for help, they could do nothing to stop Defendants' malicious actions.

96.     In other respects, Defendants were negligent, to be proved through discovery and at trial.

**97.** Defendant City of Charlotte, by and through its agents, was negligent and breached each of the duties outlined above, resulting in Decedent, Sanrico McGill being deprived of his right to be free from actions resulting in unjustified deadly force.

**98.** Defendant City, as the principal for its agents, including Defendant Officers and other similarly situated officers, is responsible under respondeat superior for the injuries caused by the acts and omissions alleged herein.

**99.** Under the City Charter and ordinances, the City Manager is the final policymaker for assessing the use of deadly force, to the extent he has not delegated such decisions to the Chief of Police. Both the City Manager and Chief of Police fully ratified the actions of Officer Defendants in the unlawful seizure, and excessive use of deadly force of Decedent and the encounter that led to his brutal demise.

**100.** Defendant Officers acted within the course and scope of their employment in the acts and omissions alleged herein.

**101.** As a direct and proximate result of the negligence of the City, through its officers, caused the Decedent to suffer serious bodily injury and death as a result of reckless, malicious, and an unjustified use of deadly force.

## FOURTH CLAIM FOR RELIEF

### Assault and Battery

**102.** Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**103.** In the alternative, the actions and conduct of Officer Defendants resulting in the escalation and deadly shooting of Decedent, in their respective individual and official capacity, constitutes assault and battery under North Carolina law.

21

**104.** Officer Defendants are liable for assault in that each officer, in their respective individual and official capacity:

  a.  Officer Defendants, by an intentional act or display of deadly force and violence threatened the plaintiff with imminent bodily injury.

  b.  It is undisputed that Officer Defendants made a voluntary and volitional act when they: (1) yelled confusing commands in direction of Decedent, (2) raised firearms in the direction of Decedent as a display of imminent bodily harm to his person, (3) threatened Decedent with the use of a deadly weapon if he did not obey confusing and unreasonable demands, (4) discharging a firearm with more than two-dozen shots in the direction of Decedent, fatally striking his body, and (5) unjustifiably used deadly force to seize Decedent during an apparent mental health crisis.

  c.  Officer Defendants' intentional act(s) were such that it caused the Decedent to have a reasonable apprehension that harmful and/or offensive contact with his person was imminent. Decedent had reasonable apprehension that harmful or offensive contact would occur following the loud threats by CMPD Officer Defendants, which resulted in Sanrico McGill eventually becoming a victim of needless contact with his person and physical deadly force, resulting in injuries that caused his death.

**105.** Officer Defendants are liable for battery in that each:

  a.  Intentionally caused bodily contact with Decedent, Sanrico McGill.

  b.  That such bodily contact actually offended a reasonable sense of personal dignity, and otherwise caused physical pain or injury.

  c.  That such contact by Officer Defendants was without Decedent's

22

consent.

106.    Officer Defendants [Carson, DeVries, Werchek, Fisher and Gardner] are sued in their individual and official capacity on this claim. The unjustified actions displayed willful and wanton disregard of Plaintiff's rights and well-being and exceeded the scope of his lawful authority, thereby piercing any entitlement to public officer immunity.

107.    Furthermore, because Officer Defendants committed these malicious actions constituting battery and assault while in the course and scope of their employment and because Defendant City has waived immunity in tort liability by statute, such actions are imputed against Defendant City, thereby piercing any sovereign immunity.

## **FIFTH CAUSE OF ACTION**

**(Negligent Training, Negligent Supervision, and Negligent Retention
against Defendant City of Charlotte)**

108.    Plaintiffs hereby incorporate by reference all prior allegations.

109.    Defendant City has a duty to maintain the training and readiness of its CMPD officers to reasonably respond to situations like the one in this case.

110.    The City Manager and Chief have declared that Officer Defendants [Carson, DeVries, Werchek, Fisher and Gardner] and other officers should be trained adequately, and to act in conformity with CMPD training, directives, policy, and compliance with State and Federal Law designed to prevent unlawful detentions, searches, seizures, and responses to mental health crisis. The failure to keep Officer Defendants trained in the proper procedures for responding to an incident such as this was manifest in the negligent actions of Defendants Carson, DeVries, Werchek, Fisher and Gardner.

111.    Officer Defendants were negligent in all the ways described in preceding

23

paragraphs and would not have acted in the manner he/they did if properly and regularly trained in the many years since basic training or established BLET training for situations like one that unfolded on December 16, 2023 – resulting in the deadly shooting of Sanrico McGill.

112. Defendant City, by and through its' officers, agents, and employees – namely CMPD – cannot escape liability by simply stating that Officer Defendants were or were not in compliance with CMPD Directives (500-003 Response to a Mental Health Crisis) and avoid the consequences of the City's own patent failures for the adequacy of CMPD Officer Defendants' training, continued education, and the City's retention or supervision of Officers who cause death by deadly force of civilians suffering from mental health conditions. All of which are a concurrent proximate cause of Plaintiffs' injuries and damages.

113. This negligent training, retention, and supervision of Officer Defendants proximately caused the injuries and damages sustained by Plaintiffs in this action.

114. The Defendant City, pursuant to N.C.G.S. § 160A-485.5, has adopted an ordinance waiving its governmental immunity from the negligence of its employees to the same extent that sovereign immunity is waived under the State Tort Claims Act as to the negligence of state employees. The negligence of its police department in mantling Officer Defendants' training is actionable here because of that waiver of immunity to the limits of the State Tort Claims Act.

115. Plaintiffs seek and are entitled to recover all damages, compensatory and punitive, for the injuries, damages, and violations suffered as a result of the negligent training, supervision, and retention of Officer Defendants – Tymel Carson, Benjamin DeVries, Sean Werchek, James Fisher Patrick Gardner

## SIXTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

24

116. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

117. This claim is brought by Plaintiffs Demetrics McGill, DeMontrez Mobley, and Cordario McGill against Officer Defendants [Carson, DeVries, Werchek, Fisher and Gardner], who are being sued under this claim in their official capacities.

118. In the alternative, the actions and conduct of Officer Defendants in the intentional deadly shooting of Sanrico McGill in the presence of his mother and brothers, was an outrageous act that resulted in severe and significant emotional distress, constitutes intentional infliction of emotional distress under North Carolina law.

119. As described in the preceding paragraphs, Officer Defendants acted with willful, wanton, and reckless disregard for the safety of others in this incident.

120. Officer Defendants' intentional and reckless conduct caused severe emotional distress to Plaintiffs Demetrics McGill, DeMontrez Mobley, and Cordario McGill.

121. Officer Defendants engaged in extreme and outrageous conduct that exceeded all bounds usually tolerated by decent society and resulted in an unlawful seizure and unjustified shooting of Sanrico McGill, while Plaintiffs were horrified as they each stood feet away from the deadly shooting of their beloved family member.

122. Officer Defendants' conduct in fact caused severe and/or significant emotional distress to Plaintiffs Demetrics McGill, DeMontrez Mobley, and Cordario McGill, including severe or disabling emotional and mental conditions and impairment resulting from the incident of Defendants' negligence.

## SEVENTH CLAIM FOR RELIEF

### Indemnification

25

**123.** Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**124.** This claim is brought by Plaintiffs against CMPD Officer Defendants being sued in his/their individual and official capacity.

**125.** Defendant City of Charlotte is permitted by state law and, on information and belief, has elected to pay any final judgment against an employee that results from an act done or omission made in the scope and course of his or her employment with Defendant City.

**126.** In committing the acts alleged in this Complaint, the named Officer Defendant(s), was/were at all times an employee of Defendant City and acting within the course and scope of his/their employment.

## VI.     <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and order relief as follows:

**A.** Compensatory damages against all Defendants, jointly and severally;

**B.** Punitive damages against the individual Defendants, jointly and severally;

**C.** Pre-judgment and post-judgment interest and recovery of costs, as well as reasonable attorneys' fees, pursuant to applicable federal and state laws;

**D.** Any other and further relief the Court deems equitable and just.

## VII.     <u>JURY DEMAND</u>

Plaintiffs respectfully demand a trial by jury of all issues in this matter so triable pursuant to Federal and North Carolina Rule of Civil Procedure 38(b).

26

This the 24th day of April, 2025

**LAW OFFICES OF JAMES SCOTT FARRIN**
*Attorneys for Plaintiff*

By: _____
Nichad Davis (State Bar No. 56297)
555 S. Mangum Street, Suite 800
Durham, North Carolina 27701
Telephone: (919) 688-4991
Facsimile: (919) 688-4468
Email: ndavis@farrin.com

27